IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 1:19cr114-ECM |
| | ) | (WO) |
| IAN PHELAN BAXTER | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Defendant's motion for production of evidence (doc. 26) filed on April 29, 2019. The Defendant asserts that he is entitled to a copy of the pretrial prebail report because the Magistrate Judge considered the report in making his detention determination. (Doc. 26 at 1-2). The Court disagrees.

Pursuant to 18 U.S.C. § 3153(c)(1), "information obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purpose of a bail determination and shall otherwise be confidential." The report is available to the attorney for the Defendant and the United States. However, the pretrial prebail report must be returned to the probation officer at the conclusion of the hearing. The Defendant makes the erroneous assumption that the United States Probation Officer has an "internal policy," that "is not supported by statute or common law, and "is not based on any legal authority." (Doc. 26 at 2).

The statute mandates that the Director of the Administrative Office of the United States Courts "issue regulations establishing the policy for release of

information made confidential by paragraph (1) of this subsection." 18 U.S.C. § 3153(c)(2). Pursuant to this authority, the Director of the Administrative Office of the Courts has determined that "[a]ny copies of the pretrial services report disclosed under this provision shall be returned to the pretrial services officer at the conclusion of the hearing." *Guide to Judiciary Policy*, Vol. 8A, App'x 5A(4)(D). While the pretrial prebail report is filed under seal, it is not a public record and it is made available to the Court in the event of an appeal of a detention order.

Furthermore, the Defendant has not established that he has been prejudiced by the requirement that his attorney return the pretrial prebail report to the probation officer at the conclusion of the detention hearing. Accordingly, it is

ORDERED that the Defendant's motion for production of evidence (doc. 26) be and is hereby DENIED.

Done this the 7th day of June, 2019.

/s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE